IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN KUEHNEMUND,<br>    Petitioner, | )<br>)<br>) |
| vs. | )     C.A. No. 08-325 Erie |
| FRANCISCO J. QUINTANA,<br>    Respondent. | )<br>)     Chief Magistrate Judge Baxter<br>) |

**MEMORANDUM OPINION**[1]

Petitioner, Allan Kuehnemund, is a federal prisoner presently incarcerated at the Federal Correctional Institution at McKean ("FCI McKean") in Bradford, Pennsylvania. He brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket # 6]. He asserts that his judgment of conviction and sentence, which was imposed by the United States District Court for the Eastern District of Michigan, should be vacated. Petitioner is not entitled to pursue his claims under 28 U.S.C. § 2241 because where, as here, the challenge is to the validity of a conviction and sentence, such claims must be brought pursuant to a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the District Court for the Eastern District of Michigan. Accordingly, the petition is dismissed for lack of subject matter jurisdiction.

**A.**     **Relevant Factual and Procedural History**

On or around March 4, 2005, Petitioner was convicted in the District Court for the Eastern District of Michigan on a total of sixteen counts of criminal activity related to a scheme to commit crop insurance fraud: six counts of Knowingly Making and Causing False Statements, in violation of 18 U.S.C. §§ 1014 and 2; five counts of Knowingly Presenting and Causing False and Fraudulent Claims, in violation of 18 U.S.C. §§ 287 and 2; one count of Knowingly Making and Causing the Making of Materially False Statements and Giving Materially False Documents, in violation of 18 U.S.C. §§ 1001 and 2; and four counts of Knowingly Using or Causing Another to

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have an United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

Use the United States Mail to Commit Fraud, in violation of 18 U.S.C. §§ 1341 and 2. (See generally, Docket and Judgement for Case No. 1:04-cv-20225 (E.D. Mich.), attached as Respondent's Exs.[2] 2-3). On July 15, 2005, the District Court for the Eastern District of Michigan sentenced Petitioner to a term of imprisonment of 87 months for his conviction on the six counts of Knowingly Making and Causing False Statements, and to a term of imprisonment of 60 months for his conviction on the remaining counts, to run concurrently and to be followed by three years of supervised release. (Ex. 3 at 1-3). Petitioner appealed to the United States Court of Appeals for the Sixth Circuit. On December 6, 2006, the Sixth Circuit Court issued an Opinion affirming the district court's judgment and sentence. (United States v. Kuehnemund, Docket No. 05-1872, slip op. (6th Cir. Dec. 6, 2006), Ex. 4).

On December 6, 2007, Petitioner filed in the District Court for the Eastern District of Michigan a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of counsel. (28 U.S.C. § 2255 Motion in Case No. 1:04-cv-20225 (E.D. Mich.), Ex. 6). By Report and Recommendation dated September 9, 2008, and Order dated October 9, 2008, the district court denied Petitioner's motion. (Report and Recommendation, Ex. 7; Order, Ex. 8). It also declined to issue a certificate of appealability. (Ex. 9). Petitioner filed a motion for a certificate of appealability to the Sixth Circuit Court, which denied the motion on April 13, 2009.

Petitioner filed the instant petition for writ of habeas corpus with this Court on December 11, 2008. He raises claims challenging his judgment of conviction and sentence. Petitioner asserts that he is innocent and was wrongfully convicted and that he was sentenced "in an incorrect manner" in violation of the *Ex Post Facto Clause* and the statute of limitations set forth at 18 U.S.C. § 3282(a). On January 6, 2009, he filed a motion to expedite and for preliminary injunction (Docket No. 8), which sets forth the same arguments as asserted in the Petition.

---

[2] From this point forward, all "Ex." citations are to those documents Respondent has attached to the Response (Docket # 10).

### B. Claims Generally Cognizable in Federal Habeas Corpus Proceedings

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). See also, Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002); Chambers v. Romine, 41 Fed. Appx. 525, 526 (3d Cir. 2002); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972)). In contrast, matters concerning the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated. Such claims are properly brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See, e.g., Cradle, 290 F.3d at 538-39. Merely styling a petition as one falling under § 2241 does not render it proper pursuant to that statutory provision.

Respondent correctly contends that the Court must dismiss the petition for want of subject matter jurisdiction because Petitioner is challenging the validity of his conviction and sentence, a challenge that must be presented to the District Court for the Eastern District of Michigan by a motion under 28 U.S.C. § 2255. Under § 2241 jurisprudence, the issues raised in the instant petition are not within the jurisdiction of this Court.

### C. The Savings Clause of 28 U.S.C. § 2255

Petitioner asserts that he is entitled to disregard the jurisdictional requirements of 28 U.S.C. § 2241 and pursue the instant petition in this Court because the remedy under 28 U.S.C. § 2255 is inadequate and/or ineffective. Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

3

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner does not articulate any persuasive reason to support his contention that this case falls within § 2255's "safety valve." Importantly, "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539." David v. Grondolsky, 2009 WL 17857, * 1 (3d Cir. Jan. 2, 2009) (full citations in original). "Rather, the 'safety valve' provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." Id. at *1 (citing Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). As Respondent correctly notes, it is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition pursuant to § 2241 is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39.

Here, Petitioner's situation is not the rare one rendering § 2255 inadequate or ineffective. Therefore, the Court does not have jurisdiction to consider his claims and his § 2241 petition shall be dismissed.[3]

An appropriate Order follows.

---

[3] Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN KUEHNEMUND,<br>    Petitioner, | )<br>)<br>) |
| vs. | )    C.A. No. 08-325 Erie<br>) |
| FRANCISCO J. QUINTANA,<br>    Respondent. | )    Chief Magistrate Judge Baxter<br>) |

## **O R D E R**

AND NOW, this 20th day of April, 2009;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket # 6] is DISMISSED for lack of subject matter jurisdiction. It is further ORDERED that Petitioner's motion to expedite and for a preliminary injunction [Docket # 8] is DENIED.

The Clerk of Courts is directed to close this case.

                                      S/ Susan Paradise Baxter
                                      SUSAN PARADISE BAXTER
                                      Chief United States Magistrate Judge